

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-5908
Re: Execution of contract between the Federal Public Housing Authority and the various taxing units of Harris County, Texas, for payments in lieu of taxes.

Your letter of March 1, 1944, has been received and considered by this department. From your letter we quote:

"I am attaching hereto original contract between the Federal Public Housing Authority and the various taxing units of Harris County, Texas, together with a letter addressed to this department by the Federal Public Housing Authority asking cooperation by this department in getting the contract executed by the proper official.

"I am asking you to examine this file and advise this department who would be the proper person to execute this contract."

Section 5 of the Housing Act of 1937 (50 Stat. 890), which Act creates the Housing Authority, provides that the Authority and its property of any kind "shall be exempt from all taxation now or hereafter imposed by the United States or by any State, county, municipality, or local taxing authority."

Section 3 of the said Act creates "a body corporate of perpetual duration to be known as the United States Housing Authority, which shall be an agency and instrumentality of the United States."

ATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Geo. H. Sheppard, page 2

Article 7150, V. A. C. S., provides: "The following property shall be exempt from taxation, towit: . . . 4. Public Property.—All property, whether real or personal, belonging exclusively to the United States, provided that such exemption from taxation shall not include any real property subject to taxation under any Federal Statute applicable thereto."

Under the quoted provisions and the cases construing them, there can be no question of the exemption of the property of the Housing Authority. However, Section 13(e) of the Housing Act authorizes the Authority to enter into "agreements to pay annual sums in lieu of taxes to any State or political subdivision thereof with respect to any real property owned by the Authority." We have heretofore held, in our opinion No. 0-5270, directed to you, that any such sums so paid to the State are gifts, and only the Legislature of this State is authorized to accept gifts on behalf of the State.

Therefore, we hold that the only person who could execute this contract for the State would be the one the Legislature might authorize, and to date the Legislature has not authorized any person so to do.

We are returning herewith the contract between the Housing Authority and the taxing units of Harris County and the letter from the Housing Authority to you.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Arthur L. Moller
     Arthur L. Moller
     Assistant

ALM:AMM

Acting

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN